**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TYRONE L. ROBINSON,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>BANK OF AMERICA, NA<br><br>　　　　　Defendant - Appellee. | No. 11-57194<br><br>D.C. No. 2:11-cv-03939-GHK-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted May 7, 2013
Pasadena, California

Before: WARDLAW and MURGUIA, Circuit Judges, and RESTANI, Judge.[**]

Tyrone Robinson ("Robinson") sued Bank of America ("BoA") on behalf of

a putative class for fraud and unfair/deceptive trade practices related to fees

charged pursuant to BoA's CashPay card program. Robinson claims that BoA

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

improperly failed to disclose that the $1.50/month service charge that CashPay customers agreed to pay for the account could be avoided by withdrawing all funds from the account each month, prior to assessment of the fee. Robinson based his claims on violations of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1770(a)), California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq.), and fraud by omission statute (Cal. Civ. Code § 1710). The district court granted BoA's Rule 12(c) motion for judgment on the pleadings and dismissed Robinson's complaint, reasoning that his claims were preempted by the National Bank Act ("NBA"), 12 U.S.C. § 24 (2006). We affirm.

The NBA permits national banks to "exercise . . . all such incidental powers as shall be necessary to carry on the business of banking." Id. These incidental powers are expounded upon by regulations of the Office of the Comptroller of the Currency ("OCC"). See, e.g., NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co, 513 U.S. 251, 256–58 (1995) (providing for Chevron deference). "[T]he usual presumption against federal preemption of state law is inapplicable to federal banking regulation." Wells Fargo Bank N.A. v. Boutris, 419 F.3d 949, 956 (9th Cir. 2005). A state law is preempted where it "stand[s] as an obstacle to the accomplishment" of one of the purposes of the NBA or "prevent[s] or significantly interfere[s] with the national bank's exercise of its powers." Barnett Bank of

2

Marion Cnty., N.A. v. Nelson, 517 U.S. 25, 31, 33 (1996).

The OCC has incorporated this preemption standard into its regulations. Under 12 C.F.R. § 7.4007(b)(3) (2012), "[a] national bank may exercise its deposit-taking powers without regard to state law limitations concerning . . . [d]isclosure requirements." The same regulation provides that state tort laws "are not inconsistent with the deposit-taking powers of national banks and apply to national banks to the extent consistent with the decision of the Supreme Court in Barnett Bank of Marion County, N.A." Id. § 7.4007(c)(2).

Applying Barnett Bank of Marion County, N.A., we have explained that "[s]tate laws of general application, which merely require all businesses (including national banks) to refrain from fraudulent, unfair, or illegal behavior, do not necessarily impair a bank's ability to exercise its real estate lending powers." Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 555 (9th Cir. 2010) (emphasis added). Further, in Gutierrez v. Wells Fargo Bank, NA, we recently held that even if a state may prohibit fraudulent affirmative misrepresentations, a "requirement to make particular disclosures falls squarely within the purview of federal banking regulation and is expressly preempted." 704 F.3d 712, 726 (9th Cir. 2012).

Robinson's underlying claims, although theoretically based on laws of

general applicability, do not rest upon any affirmative misrepresentation by BoA, despite Robinson's arguments to the contrary. In fact, Robinson acknowledges that he read the terms and conditions provided by BoA, and BoA enforced those provisions, as written, against Robinson and charged him the disclosed monthly service fee. Robinson's only contention is that BoA was required to disclose not only the fee it would charge, but also its collection policy, including its decision to waive its collection rights against certain delinquent account holders whose remaining funds could not cover the fee. Robinson unsuccessfully attempts to hide from the obvious conclusion that he is attempting to use California law to impose a specific disclosure obligation on BoA whenever it discloses any fee. Gutierrez, however, forecloses Robinson's argument that under the OCC regulations, no law of general applicability concerning "Torts" can ever be preempted. Id. Accordingly, we agree with the district court that Robinson's state law claims are preempted.

**AFFIRMED.**